UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LOUIS CARDONA BUGGS,

Petitioner,

v.

LYNN M. DINGLE, Warden,

Respondent.

Civil No. 08-326 (JRT/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner=s application for habeas corpus relief under 28 U.S.C. ' 2254. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. ' 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I. BACKGROUND

In 1997, a Minnesota state court jury found Petitioner guilty of first degree murder. He was sentenced to life in prison, and he is presently serving his sentence at the Minnesota Correctional Facility in Stillwater, Minnesota.

The Minnesota Supreme Court affirmed Petitioner=s conviction and sentence on direct appeal on July 16, 1998. State v. Buggs, 581 N.W.2d 329 (Minn. 1998) [ ABuggs @].

[1] Rule 4 provides that A[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.@

Petitioner filed a motion for rehearing, but that request was denied on August 12, 1998. Thereafter, Petitioner did not seek any further judicial review of his conviction or sentence until December 1, 2004, when he filed a post-conviction motion in the trial court. (The date when Petitioner filed his post-conviction motion is reported in the Minnesota Supreme Court=s opinion in his subsequent appeal. Buggs v. State, 734 N.W.2d 272, 273 (Minn. 2007) [ABuggs II@].)

In Petitioner=s post-conviction motion, he argued that he had been deprived of his Fourteenth Amendment equal protection rights during the original trial court proceedings, because of the racial composition of the grand jury that indicted him, and the petit jury that convicted him. He claimed that he was entitled to a new trial because of the A>systematic exclusion of members of his race from participation in the grand, or petit, jury body.=@ Buggs II, 734 N.W.2d at 273. The trial court denied Petitioner=s post-conviction motion without a hearing, based on a state procedural rule that requires criminal defendants to raise all available legal challenges to a conviction or sentence on direct appeal. See McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) (AMinnesota law provides that once the petitioner has directly appealed his sentence, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief=@), citing State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976). The trial court also pointed out that Petitioner had Afailed to make a prima facie case that his claims had merit and failed to explain why he waited six years to file his petition.@ Buggs II, 734 N.W.2d at 273.

After the trial court denied Petitioner=s post-conviction motion, he filed a second appeal in the Minnesota Supreme Court, in which he again challenged the constitutionality of the racial

composition of the grand and petit juries in his case. The trial court=s denial of Petitioner=s post-conviction motion was affirmed on appeal, for the same reason cited by the trial court. As explained by the State Supreme Court: ABecause all of the claims raised in [Petitioner=s] petition for postconviction relief were either known to him or should have been known to him at the time of his direct appeal, they are Knaffla-barred.@ Id. at 274.

Petitioner=s current federal habeas corpus petition was filed on February 6, 2008. The petition presents only a single claim for relief, which is the same claim that he raised in his state post-conviction motion. Petitioner=s current habeas claim, repeated verbatim and in its entirety, is as follows:

> APetitioner discovered after trial that he is being held in violation of his right to equal protection of the laws, under the Fourteenth Amendment. Petitioner=s cause of action for purposeful racial discrimination in the grand and petit jury body that indicted him, in violation of his invoilable [sic] right of equal protection of the laws, under the Fourteenth Amendment without there being an intentional abandonment or waiver of this right.@

(Petition, [Docket No. 1], p. 5, **&** 12.A.) This claim cannot be addressed on the merits, however, because (a) this action is barred by the one-year statute of limitations that applies to federal habeas corpus petitions filed by state prisoners, and (b) the claim has been procedurally defaulted.

## II. DISCUSSION

### A. Statute of Limitations

28 U.S.C. ' 2244(d) establishes a one-year statute of limitations for habeas corpus petitions filed by state prison inmates. The statute provides as follows:

> A**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

The limitation period shall run from the latest of B

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.@

In this case, there is nothing in Petitioner=s submissions which suggests that clauses (B) or (C) of ' 2244(d)(1) could be applicable. In other words, there is no suggestion that the State created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitations period, nor is there any suggestion that Petitioner=s current claim is based on any rule of constitutional law that is retroactively applicable on collateral review. The Court also finds that ' 2244(d)(1)(D) does not apply here, because Petitioner=s habeas corpus claim is not based on any new evidence that was not discoverable until sometime after his conviction had been upheld on direct appeal. As the Minnesota Supreme Court explained in Buggs II:

A[A]t the time of his direct appeal, [Petitioner] either knew or should have known of any claims available to him based on the procedures used to select the grand jury that indicted him and the petit jury that convicted him. Information relating to those procedures was at the time, and continues to be, publicly available....

> Information relating to the racial composition of the grand jury that indicted him and the petit jury that convicted him was also publicly available at the time of his direct appeal. Therefore, [Petitioner=s] claims relating to the racial composition of his grand jury and petit jury were either known or should have been known to him at the time of his direct appeal.@

734 N.W.2d at 274.

Thus, the Court finds that the one-year limitations period began to run in this case, pursuant to ' 2244(d)(1)(A), when Petitioner=s judgment of conviction Abecame final by the conclusion of direct review or the expiration of the time for seeking such review.@ Petitioner=s conviction and sentence were upheld on direct appeal by the Minnesota Supreme Court on July 16, 1998, and his motion for rehearing was denied on August 12, 1998. However, for purposes of 28 U.S.C. ' 2244(d)(1)(A), the judgment did not become Afinal@ until the expiration of the deadline for filing a petition for a writ of certiorari with the United States Supreme Court. Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998) (state criminal convictions not final for statute of limitations purposes until the deadline for seeking certiorari has expired), cert. denied, 525 U.S. 1187 (1999). Certiorari petitions must be filed within 90 days after a final adjudication by a state=s highest court. Sup. Ct. R. 13.1. Thus, for purposes of ' 2244(d)(1)(A), Petitioner=s judgment of conviction became Afinal@ on November 10, 1998 – 90 days after the Minnesota Supreme Court denied his motion for rehearing in his direct appeal. Sup. Ct. R. 13.3. The federal habeas corpus statute of limitations expired one year later, on November 10, 1999. However, Petitioner did not file his current petition until February of 2008. Because the current petition was filed more than eight years after the expiration of the ' 2244(d)(1) limitation period, this action is clearly time-barred.

The Court recognizes that the habeas corpus statute of limitations is tolled pursuant to '

2244(d)(2) when a prisoner files a state post-conviction motion, or otherwise seeks collateral relief, in a procedurally proper state court proceeding. The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).

However, the tolling provisions of ' 2244(d)(2) cannot aid Petitioner here, because the statute of limitations had already expired long before he filed his first post-conviction motion in the trial court. The statute of limitations expired on November 10, 1999, and Petitioner did not file his state post-conviction motion until December 1, 2004, which was more than five years after the federal habeas limitations period had expired. Because the limitations period expired before Petitioner filed his post-conviction motion, that motion could not have tolled the statute of limitations. Jackson v. Ault, 452 F.3d 734, 735 (8th Cir. 2006) (A[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired@). See also Painter v. State of Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) (Athe time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period@).

Thus, the Court concludes that the ' 2244(d)(2) tolling provision cannot save the present petition from being time-barred. See Cuypers v. Symmes, Civil No. 07-106 (JRT/SRN), (D.Minn. 2007) (Tunheim, J.), 2007 WL 1219306 at *3 (Aif a petitioner fails to initiate state court proceedings until after the one-year statute of limitations expires, then subsequent state post-conviction proceedings will not toll the statute of limitations because there is no federal limitations period remaining to toll@); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (state post-conviction motion filed after the ' 2244(d)(1) statute of limitations

has expired cannot toll the statute Abecause there is no period remaining to be tolled@), cert. denied, 531 U.S. 991 (2000).

Petitioner may believe that his state post-conviction motion did not merely toll the running of the statute, but somehow ›reset the clock,= giving him a fresh new one-year limitations period that did not begin to run until his state post-conviction proceedings were fully complete. That, however, is simply not the case. "Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted).[2] Again, once the statute of limitations expired in this case, (in November 1999), it could not thereafter be restarted by the filing of Petitioner=s subsequent post-conviction motion.

For the reasons discussed above, the Court finds that this action is untimely. The judgment that Petitioner is challenging became Afinal@ for purposes of ' 2244(d)(1)(A), and the

---

[2] As explained in Sorce v. Artuz, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999):

> AThe tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon. Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. [Citation omitted.] Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has already expired.@

See also Lucidore v. New York State Div. of Parole, No. 99 CIV 2936 AJP, (S.D.N.Y. 1999), 1999 WL 566362 at * 4 (ASection 2244(d) does not state that the AEDPA=s one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA=s one-year [statute] of limitations by bringing a belated state collateral attack@), aff=d 209 F.3d 107 (2nd Cir.), cert. denied, 532 U.S. 873 (2000); Broom v. Garvin, 99 Civ. 1083 (JSM) (S.D.N.Y. Apr. 26, 1999), 1999 WL 246753 at *1 (Athe filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period@).

one-year statute of limitations began to run, on November 10, 1998 B ninety days after the Minnesota Supreme Court denied Petitioner=s motion for rehearing on direct appeal. The statute of limitations expired one year later, on November 10, 1999, but Petitioner did not file his current federal habeas corpus petition until more than eight years thereafter. Furthermore, the tolling provision of ' 2244(d)(2) cannot help Petitioner in this case, because he did not file his state post-conviction motion until December 1, 2004, which was more than five years after the expiration of the deadline for seeking federal habeas review. Thus, the Court concludes that Petitioner=s current ' 2254 habeas corpus petition is clearly time-barred.

B. Procedural Default

Even if this case were not time-barred, it still would have to be summarily dismissed, based on the doctrine of procedural default.

If the state courts do not reach the merits of a state prisoner=s challenge to his conviction or sentence, based on a well-settled state procedural rule, then the claim is Aprocedurally defaulted@ for federal habeas corpus purposes. Coleman v. Thompson, 501 U.S. 722, 750 (1991). AFederal courts will not review a procedurally defaulted claim because >a habeas petitioner who has failed to meet the State=s procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance.=@ Jones v. Jerrison, 20 F.3d 849, 853 (8th Cir. 1994), quoting Coleman, 501 U.S. at 732. As the Supreme Court explained in Coleman:

> AIn all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violations of federal law, or demonstrate that failure to consider the claims will result in a

fundamental miscarriage of justice.@

501 U.S. at 750.

In this case, the Court finds that Petitioner=s current claim for relief, (i.e., that he was denied equal protection because of the racial composition of the grand and petit juries), has been procedurally defaulted. Because Petitioner=s equal protection claim was fully available to him at the time of his direct appeal, he was procedurally barred from raising that claim in a subsequent post-conviction motion, pursuant to Minnesota=s well-settled AKnaffla rule.@ (See pp. 2-3, supra.) The state courts refused to consider that claim on the merits in Petitioner=s state post-conviction proceedings, because he could have raised the claim on direct appeal, but he failed to do so. Buggs II, 734 N.W.2d at 274.

Because Petitioner=s equal protection claim was procedurally defaulted in the state courts, it is not reviewable on the merits in a federal habeas corpus proceeding, unless Petitioner could qualify for Coleman=s Acause and prejudice@ exception, or Afundamental miscarriage of justice@ exception. Petitioner has made no effort to show that he could qualify for either of those exceptions, and the Court cannot conceive of any way that he could do so.[3] Thus, the Court concludes that Petitioner=s current habeas corpus claim is barred not only by the statute of limitations, but also by the doctrine of procedural default.

---

[3] The Afundamental miscarriage of justice@ exception is available only upon a Ashowing, based on new evidence, that›a constitutional violation has probably resulted in the conviction of one who is actually innocent.=@ Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995), cert. denied, 516 U.S. 1161 (1996) (emphasis added), quoting Schlup v. Delo, 513 U.S. 298, 327 (1995). In other words, the petitioner cannot simply point to errors that allegedly occurred during the course of his criminal prosecution; he must instead offer some new evidence which affirmatively demonstrates that he is, in fact, innocent of the crime for which he was convicted. Petitioner certainly has not done that here.

## III. CONCLUSION

For all of the reasons discussed above, the Court finds that this action must be summarily dismissed with prejudice. Having determined that this case must be summarily dismissed, the Court will further recommend that Petitioner=s pending application to proceed in forma pauperis, (IFP), be summarily denied. See 28 U.S.C. ' 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner=s application for a writ of habeas corpus, (Docket No. 1), be DENIED;

2. Petitioner=s application to proceed in forma pauperis, (Docket No. 2), be DENIED;

and

3. This action be DISMISSED WITH PREJUDICE.

Dated: February 14, 2008

*s/ Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge

**NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **February 28, 2008**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party=s right to seek review in the United States Court of

Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. ' 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.